[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10337
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cr-80154-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY GAROUTTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 9, 2013)

Before TJOFLAT, FAY, and DUBINA, Circuit Judges.

PER CURIAM:

Gary Garoutte appeals his sentence of 151 months of imprisonment, which

was imposed at the low end of the applicable Sentencing Guidelines range of 151

to 188 months of imprisonment, following his guilty plea to distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  We affirm.

I.

The undisputed facts in Garoutte's presentence investigation report state, from May 2012 to August 2, 2012, the Federal Bureau of Investigation investigated his illegal drug trafficking activities.  During the investigation, an undercover law-enforcement officer made a number of controlled purchases of methamphetamine from Garoutte, who later pled guilty to one count of distribution of methamphetamine.

Prior to sentencing, Garoutte filed a sentencing memorandum and requested a downward variance from his Sentencing Guidelines range of 151 to 188 months of imprisonment, based on his age and physical condition.  He asserted he was forty-nine years old, and his upper and lower body was paralyzed from a car accident.  To regain some of his movement, Garoutte had undergone multiple surgeries on his back and neck, but he still required a cane or a wheelchair to move.  He also was treated with prescription pain medications to which he became addicted.  Garoutte further argued that the Sentencing Commission's research showed recidivism rates declined as age increased, that articles by Professor Jonathan Turley stated the costs of housing the nonviolent elderly were three times that of housing younger prisoners, many older prisoners were statistically low-risk

2

in comparison to younger prisoners, and their conventional incarceration offered little for public safety. Garoutte asserted a sentence within the career-offender Guidelines would add to the high cost of the overburdened prison system without furthering the 18 U.S.C. § 3553(a) factors.

At sentencing, the district judge determined Garoutte essentially was requesting a "second chance," but he already had a second chance, when he previously was imprisoned, which should have deterred him. The judge stated Garoutte wanted a "third chance" and noted his argument that, as individuals got older, they had a lower risk of recidivism. According to the judge, Garoutte was "already older" at the time he committed "these crimes," and "[h]e should have gotten out of this a long time ago." While the judge was sympathetic to Garoutte's condition, he did not see a basis for departing from the low-end of the Sentencing Guidelines range. After considering the parties' statements, the presentence investigation report, and the statutory factors, the judge sentenced Garoutte to 151 months of imprisonment.

## II.

On appeal, Garoutte argues his 151-month-imprisonment sentence is unreasonable, based on the § 3553(a) factors. He asserts his drug crime occurred over a three-month period, law enforcement allowed him to "remain free" during this period, and his crime occurred under circumstances controlled by law

enforcement with "a relatively low degree of risk or danger." Because of his mobility disability and age, Garoutte contends a shorter term of imprisonment would have achieved the sentencing purposes of deterrence, public protection, and just punishment. He argues the district judge failed to consider adequately and properly the findings of the Sentencing Commission and Professor Turley concerning older prisoners' lower risk of recidivism and higher costs of housing compared to younger prisoners. Finally, Garoutte argues the judge failed to consider the kinds of sentences available and contends a reasonable sentence would have included less incarceration and a greater use of residential confinement and therapy for his addiction to pain medication.

We review the reasonableness of a sentence deferentially for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A district judge's sentence need not be the most appropriate, but it must be reasonable. *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc). After giving a full measure of deference to the sentencing judge, we may set aside a sentence only if we determine the sentence imposed truly is unreasonable. *Id.* The party challenging the sentence has the burden of establishing the sentence was unreasonable, based on the record and factors set forth in § 3553(a). *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We ordinarily expect a sentence imposed within the applicable Sentencing Guidelines range to be reasonable. *Id.*

We review the substantive reasonableness of a sentence by examining the totality of the circumstances, which includes an inquiry into whether the § 3553(a) factors support the sentence in question. *United States v. Gonzales*, 550 F.3d 1319, 1323-24 (11th Cir. 2008). The district judge must impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a). In imposing a particular sentence, the judge also must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7). We do not substitute our own judgment for that of the district judge in weighing the relevant sentencing factors absent a clear error of judgment. *See United States v. Early*, 686 F.3d 1219, 1223 (11th Cir. 2012). The judge need not discuss specifically each of the § 3553(a) factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

Garoutte's sentence of 151 months of imprisonment was imposed at the low end of the Guidelines range of 151 to 188 months of imprisonment; we ordinarily

5

expect a sentence imposed within the applicable Sentencing Guidelines range to be reasonable. *See Talley*, 431 F.3d at 788. The record evidences the district judge considered the § 3553(a) factors in imposing the total sentence, and nothing in the record shows the total sentence is unreasonable based on those factors. Although the judge did not explicitly state he had considered the kinds of sentences available, he was not required to discuss specifically each of the § 3553(a) factors. *See Scott*, 426 F.3d at 1329. The judge considered Garoutte's arguments, which showed he had considered his contentions based on the Sentencing Commission and Professor Turley's findings concerning older prisoners; the judge nevertheless determined that a Guidelines sentence was warranted. Garoutte's crime involved numerous methamphetamine transactions with an undercover officer and illustrated Garoutte's willingness to continue engaging in criminal activity. The district judge observed Garoutte previously had been sentenced to ten years of imprisonment for controlled-substance crimes. Despite the length of the former sentence, Garoutte had not been deterred from committing another drug crime. Consequently, the judge determined Garoutte should have "gotten out of this a long time ago." Despite his age and physical infirmities, the district judge properly gave weight to the need to deter Garoutte from committing future criminal conduct and his criminal history.

In view of his age, his physical infirmities, and research showing that elderly prisoners are statistically low-risk in comparison with younger prisoners, Garoutte now asserts a shorter term of imprisonment and a greater term of residential confinement and therapy would have achieved the sentencing purposes of deterrence, public protection, and just punishment. He also notes data showing the costs of housing nonviolent elderly prisoners are greater than the costs associated with younger prisoners as a mitigating factor. We do not substitute our judgment for that of the district judge in weighing the relevant sentencing factors absent a clear error of judgment. *See Early*, 686 F.3d at 1223. Because of his criminal history and the need to deter him from committing future crimes, Garoutte has not shown such an error. *See id*. The district judge did not abuse his discretion in sentencing Garoutte to 151 months of imprisonment.

**AFFIRMED.**